UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHAWN EVANS,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Case Nos. 22-CV-1326-JPS

17-CR-29-4-JPS

**ORDER**

      On November 7, 2022, Petitioner Deshawn Evans ("Evans") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Evans also filed a motion for appointment of counsel. ECF No. 2. On January 25, 2023, the Government filed a response to the motion, asserting that the motion should indeed be granted and set for resentencing. ECF No. 5. For the reasons stated herein, in light of *Taylor v. United States*, 142 S. Ct. 2015 (2022), and in light of the Government's concurrence that the motion should be granted, the Court will grant Evans's motion to the extent that it is grounded in his 18 U.S.C. § 924(c) conviction as predicated on attempted Hobbs Act robbery (i.e., to the extent that it relates to his conviction on Count 9) and will set the matter for resentencing.

1.     **BACKGROUND**

      Evans's § 2255 motion stems from a 2018 attempted robbery and carjacking conviction before this Court for which Evans was sentenced to a total term of imprisonment of 384 months and one day. 17-CR-29-4, ECF

No. 180.[1,2] Evans was found guilty by a jury on February 5, 2018, CR ECF No. 132, and was sentenced on April 27, 2018, CR ECF No. 176. Following his conviction and sentencing, Evans unsuccessfully appealed the judgment to the Seventh Circuit. CR ECF No. 192; *see also United States v. Hunter*, 932 F.3d 610 (7th Cir. 2019).

Before the Seventh Circuit, Evans (alongside his co-defendant, Otis Hunter ("Hunter")) challenged this Court's handling of jury selection and their *Batson* challenge, as well as Seventh Circuit precedent which guided the Court's decision to prevent Otis and Evans from "cross-examining government witnesses about the specific prison terms they avoided through their cooperation." *Hunter*, 932 F.3d at 613. The Seventh Circuit characterized their appeal as being based primarily on "two main arguments." *Id*. at 617. "First," the Seventh Circuit wrote, Otis and Evans argued that "the district court erred by rejecting their *Batson* challenge. Second, they argue that the district court improperly limited cross-examination of the government's cooperating witnesses about reductions in their potential sentences."[3] *Id*. The Seventh Circuit concluded that the Court committed no error on either ground and affirmed the judgment. On September 18, 2019, the Seventh Circuit denied Otis and Evans's petition for rehearing. *United States v. Hunter*, Nos. 18-2013 & 18-2044, 2019 U.S.

---

[1]Items on the docket of Case No. 17-CR-29-4 are hereafter cited to as "CR".

[2]The second superseding indictment upon which Evans was convicted charged Evans with conspiracy to commit Hobbs Act robbery. It also charged him with attempted Hobbs Act robbery and carjacking, as well as use of a firearm to commit those two latter offenses. CR ECF No. 50.

[3]This latter argument invited the Seventh Circuit to overturn its opinion in *United States v. Trent*, 863 F.3d 699 (7th Cir. 2017), which invitation the Seventh Circuit declined.

App. LEXIS 28074 (7th Cir. Sept. 18, 2019). On March 23, 2020, the U.S. Supreme Court denied the petition for a writ of certiorari. *Hunter v. United States*, No. 19-7021, 140 S. Ct. 2522, 2020 U.S. LEXIS 1895 (March 23, 2020).

Roughly two years after his direct appeal to the Seventh Circuit, Evans filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). CR ECF No. 242. He there argued that an extraordinary and compelling reason justified the reduction sought because "[i]f [he] had been sentenced after December 21, 2018 pursuant to the First Step Act . . . he would have faced statutory minimum consecutive sentences of 84-month[s] plus 84-month[s] for a total sentence of 168-month[s] . . . instead of the total 384-month [] sentence he received . . . ." *Id*. at 3–4. The Court denied the motion on April 18, 2022, writing that "the First Step Act's anti-stacking amendment applies prospectively" and thus could not constitute extraordinary and compelling circumstances for sentence reduction as a matter of law. CR ECF No. 261 at 4–5.

Evans appealed the denial of his motion for compassionate release, CR ECF No. 263, which appeal was dismissed several months thereafter for failure to comply with Circuit Rule 3(c), CR ECF No. 277. That dismissal was thereafter vacated, however, and Evans's appeal reinstated, after he submitted his "Circuit Rule 3(c) docketing statement," which the Seventh Circuit construed as an "implied request to recall the mandate." CR ECF No. 283. The appeal of Evans's denial of his motion for compassionate release remains ongoing. *See id*. (scheduling briefing into January of 2023).

On November 7, 2022, Evans filed the present 28 U.S.C. § 2255 motion and his accompanying motion for appointment of counsel. ECF Nos. 1, 2. Therein, Evans properly listed the grounds raised in his appeal of his conviction before the Seventh Circuit as "[w]hether The District Court

Erred In Rejecting Defendant's Challenged Issues Under Batson v. Kentucky" and "[w]hether The District Court Erred By Limiting The Defendant's Right to Cross Examination Under the Confrontation Clause of the Sixth Amendment." ECF No. 1 at 2. He correctly identified the date of denial of his petition for a writ of certiorari as March 23, 2020 and asserted that he there raised the same grounds as those made before the Seventh Circuit. *Id*.

Evans now asserts ostensibly three grounds for relief. They are provided as follows:

> Ground One: In Light of the Recent Supreme Court's Decision in *Taylor v. United States*, 142 S. Ct. 2015 (2022). Movant's Instant Offense of Attempted Hobbs Act Robbery Is No Longer A Predicate Crime Of Violence Under 18 U.S.C. 924(c).
>
> . . .
>
> Ground Two: Movant's Trial Counsel Rendered Ineffective Assistance By Failing To Challenge The Status Of Conspiracy To Commit And Attempted To Commit Hobbs Act Robbery As Predicates Under 18 U.S.C. Section 924(c)(3).[4]

---

[4]To clarify, Evans here argues that his trial and appeal counsel, Mark Richards, gave "ineffective assistance regarding current development in the law concerning recent Supreme Court's retroactive decisions regarding 18 U.S.C. section 924(c)." ECF No. 1 at 5. *See also id*. at 10 (representing that Mark Richards was Evans's counsel both at the district court and appellate level).

Evans specifically cites *Davis v. United States*, 139 S. Ct. 2319 (2019). He represents that that case determined that "conspiracy to commit Hobbs Act Robbery [is] not a crime of violence under section 924(c)." *Id.* To be clear, that opinion came out on June 24, 2019, and therefore did not exist at the time of either Evans's conviction or sentencing. It was available, however, by the time of Evans's direct appeal, the notice of which was filed on May 9, 2018. CR ECF No. 195.

Evans also here cites *Taylor v. United States*, 142 S. Ct. 2015 (2022), which he represents as holding that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c). As he elsewhere acknowledges, however, this opinion, too, was unavailable at the time of Evans's trial, sentencing, and direct appeal, and his counsel could not therefore have argued based on it.

> . . .
>
> Ground Three: In Light Of The Recent Decisions Of The Supreme Court Movant Is Actual Innocence Of 18 U.S.C. Section 924(c). Listed In Counts 5 & 9 Of The Second Superseding Indictment.

*Id*. at 4–6 (emphasis added). As to Ground One, Evans asserts that he did not raise this issue in his direct appeal from the judgment of his conviction because "[t]his issue only became available when the Supreme Court ruled that Attempted Hobbs Act Robbery is not a crime of violence under section 924(c)." *Id*. at 4. As to Ground Two, Evans asserts that he did not raise this issue in his direct appeal from the judgment of his conviction because "[t]rial counsel should have raised this issue at sentencing and on direct appeal." *Id*. at 4–5. And as to Ground Three, Evans writes that he did not raise this issue in his direct appeal from the judgment of his conviction because "[t]he Supreme Court just recently ruled that conspiracy and attempted Hobbs Act Robbery are not crimes of violence under section 924(c)." *Id*. at 7.

2. **SCREENING**

The Court must now screen Evans's § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court

ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the § 2255 motion.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Evans's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1.

Evans's petition for writ of certiorari was denied on March 23, 2020. *Hunter*, 2020 U.S. LEXIS 1895, at *1. Evans had one year from that date within which to file the instant § 2255 motion. He did not do so.

Alternatively, however, if the date on which a federal constitutional or statutory right is newly recognized and made retroactively applicable by the Supreme Court falls after the otherwise applicable date (here, March 23, 2020), it is that later date from which the one-year limitations period begins to run. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:1, 811 (2019 ed.). It is this which Evans argues.

In response to the petition form's question as to "why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion," Evans cites "recent Supreme Court[] decisions in *Davis v. United States*, 139 S. Ct. 2319 (2019); and *Taylor v. United States*, 142 S. Ct. 2015)." ECF No. 1 at 11 (emphasis added). He states that his motion "is filed within one-year of the Supreme Court's decision in *Taylor*." *Id*. (emphasis added).

Generally, the fact that a favorable intervening development in the law was not established until too late does not constitute an "extraordinary circumstance" such that the Court could deem an otherwise untimely petition timely. *See Gargano v. United States*, No. 12 Civ. 6503(JFK); 02 Cr. 516 (JFK), 2014 U.S. Dist. LEXIS 60268, at *7 (S.D.N.Y. Apr. 30, 2014) (rejecting argument that helpful intervening caselaw constitutes an extraordinary circumstance for purposes of equitable tolling); *Outler v. United States*, 485 F.3d 1273, 1281 (intervening change of law was insufficient to satisfy the extraordinary circumstances requirement for purposes of § 2255); *United States v. Pearson*, No. 1:04-CR-340, 2014 U.S. Dist. LEXIS 201019, at *11 (N.D.N.Y. June 12, 2014) (later release of favorable judicial decisions did not constitute rare and exceptional circumstances that prevented petitioner from filing his petition within time frame articulated in § 2255(f)); MEANS, FEDERAL HABEAS MANUAL § 9A:100, 983 ("Courts are in general agreement that a change in law does not constitute an extraordinary circumstance warranting equitable tolling."). But the same is not true when that intervening change in law *retroactively* recognizes a new constitutional or statutory right. MEANS, FEDERAL HABEAS MANUAL § 9A:1, 811. Therefore, whether the intervening law at issue recognizes a new constitutional or statutory right *retroactively*, rather than merely prospectively, is a critical distinction.

The intervening law at issue are the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Davis* held that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence for purposes of § 924(c).[5] *Taylor*, several years later, held that attempted Hobbs Act robbery similarly does not constitute a crime of violence for purposes of § 924(c).

But Evans filed the instant § 2255 motion on November 7, 2022. ECF No. 1. That date is over a year after the Supreme Court's decision in *Davis*. Therefore, even if *Davis* did recognize a new constitutional or statutory right retroactively and was applicable to Evans, he did not file his § 2255 motion within one year of that decision as required for statute of limitations purposes.

Evans did file his § 2255 motion within a year of the Supreme Court's decision in *Taylor*, however. The critical question is therefore whether that decision applies retroactively. The Supreme Court in *Taylor* did not so explicitly state, notwithstanding that the defendant there had "asked the court to apply *Davis* retroactively and vacate his own § 924(c) conviction and sentence." *Taylor*, 142 S. Ct. at 2019. Similarly, the Supreme Court did not expressly address the issue in *Davis*, although Justice Kavanaugh did, in dissent, pose the question: "[W]ho knows whether the ruling will be retroactive?" *Davis*, 139 S. Ct. 2319 at 2354 (Kavanaugh, J., dissenting).

Despite the relative recency of *Taylor*, various other courts have already had to address the question posed by Kavanaugh as it pertained to *Davis*. From what the Court can discern, courts have generally answered Kavanaugh's question in the affirmative. *See Pedro v. United States*, No. 22-

---

[5]For clarity, § 924(c) authorizes further punishment for those who utilize a firearm in connection with a "crime of violence." *Taylor*, 142 S. Ct. at 2019.

CV-9387 (SHS); 03-CR-0346-1 (SHS), 2022 U.S. Dist. LEXIS 216175, at *3 (S.D.N.Y. Nov. 30, 2022) ("While neither the Supreme Court nor the Second Circuit has yet addressed the issue of whether *Taylor* can be applied retroactively on collateral review, some district courts have suggested that it can be.").

The Northern District of Florida addressed the question in *United States v. Craig*, No. 1:14cr/MW/HTC; 1:22cv66/MW/HTC, 2022 U.S. Dist. LEXIS 193030 (N.D. Fla. Sept. 26, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 192802 (N.D. Fla. Oct. 24, 2022). "To determine if *Taylor* applies retroactively," the court there wrote, "the Court applies the test set forth in *Teague v. Lane*, [489 U.S. 288, 301 (1989)]." *Craig*, 2022 U.S. Dist. LEXIS 193030, at *3.

"First, the Court must determine whether *Taylor* announced a new rule." *Id*. "Second, the Court must 'determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review.'" *Id.* (internal citation omitted). "The Supreme Court has identified two exceptions to this general prohibition on retroactive application of new rules on collateral review." *Id*. The first exception is for "new substantive rules," and the second is for "watershed rules of criminal procedure" which implicate the fundamental fairness and accuracy of the criminal proceeding. *Id*. (internal citation omitted). Substantive rules are those which forbid "criminal punishment of certain primary conduct" as well as "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id*. at *3–4 (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016)). "*Taylor* would be retroactively applicable to a[] . . . § 924(c) sentence,"

the court concluded, "because in that context the case would be a new substantive rule under *Teague*." *Id*. at *4, n.4.

The Southern District of Florida also addressed the question in *Hartsfield v. United States*, No. 20-CV-20362-RAR; 07-CR-20584-RAR-5, 2022 U.S. Dist. LEXIS 168909 (S.D. Fla. Sept. 19, 2022). There, like here, the issue came before the court on a 28 U.S.C. § 2255 motion. *Id*. at *1. The circumstances there in some ways parallel those now before the Court. The petitioner there had been charged by indictment of "carrying a firearm in relation to a crime of violence . . . in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5)" based on the additional charges of "attempted Hobbs Act robbery" and "conspiracy to commit Hobbs Act robbery." *Id*. at *2.

"Movant's argument is simple," the court wrote. "[H]is conviction on Count 5 is now illegal because it was predicated on Count 3 (conspiracy to commit Hobbs Act robbery) and Count 4 (attempted Hobbs Act robbery), both of which are no longer considered 'crimes of violence.'" *Id*. at *6 (internal citation omitted). Indeed, the court wrote it was "plain that Movant's § 924(c) conviction on Count 5 is now based on two invalid predicates: Hobbs Act conspiracy and attempted Hobbs Act robbery." *Id*. at *14. Critically, "*none* of Movant's convictions are (at least at the present time) a 'crime of violence,' so there no longer is a valid predicate supporting Count 5." *Id*. at *17 (emphasis added).

As earlier noted, Evans was found guilty on various charges from a second superseding indictment. He was convicted of Count 4s (carjacking) and Count 5s (use of a firearm to commit carjacking in violation of § 924(c)). There is no indication that carjacking no longer constitutes a crime of violence for purposes of § 924(c), so his conviction as to those Counts remains valid. Evans was also convicted of Count 1s (conspiracy to commit

Hobbs Act robbery). However, he was neither charged with nor convicted for any § 924(c) offense predicated on his conspiracy to commit Hobbs Act robbery. Accordingly, there is no issue with his conviction as to that Count, either. Where the issue lies is with Evans's conviction on Count 8s (attempted Hobbs Act robbery) and accompanying Count 9s (use of a firearm to commit attempted Hobbs Act robbery in violation of § 924(c)). As in *Hartsfield*, Evans's conviction on Count 9s would appear to no longer have a valid supporting predicate in light of *Taylor*.

The Government, in its January 25, 2023 response to Evans's motion, concedes that "[b]ased on . . . *Taylor*, Evans's conviction under Section 924(c) in Count Nine, predicated on attempted Hobbs Act robbery, must be vacated." ECF No. 5 at 7. The Government so concluded without any discussion as to the retroactivity, or lack thereof, of *Taylor*. The Court will take that lack of discussion as an implied concession as to the retroactivity of *Taylor*.

### 2.2 Procedural Default

The Court next determines whether Evans's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are several exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Evans may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). And third, actual innocence may excuse procedural default. *See McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013).

As mentioned, one of Evans's asserted grounds for relief is based in alleged ineffective assistance of counsel. He describes Ground Two as "Movant's Trial Counsel Rendered Ineffective Assistance By Failing To Challenge The Status Of Conspiracy To Commit And Attempted To Commit Hobbs Act Robbery As Predicates Under 18 U.S.C. Section 924(c)(3)." ECF No. 1 at 5; *see also supra* n.4. The merits of this claim are questionable at best,[6] but at least for purposes of procedural default, there

---

[6] As an initial matter, Evans was neither charged with nor convicted of use of a firearm predicated on his conspiracy to commit Hobbs Act robbery offense. His attorney cannot have committed ineffective assistance of counsel for failing to challenge Evans's § 924(c) conviction as predicated on conspiracy to commit Hobbs Act robbery, because there was no such charge or conviction. *See* CR ECF No. 50 (second superseding indictment) (charging Evans with Count 1s for conspiracy to commit Hobbs Act robbery but including no § 924(c) charge predicated thereon).

Evans was, however, charged and convicted of an attempted Hobbs Act robbery offense and a § 924(c) offense predicated thereon. But Evans cannot claim that his attorney was ineffective in failing to challenge that charge and conviction at the trial court level in light of either *Davis* or *Taylor* because neither of those opinions existed at the time. Nor was *Taylor* in existence at the time of Evans's appeal to the Seventh Circuit. That leaves only the argument that his attorney was ineffective in failing to challenge, on appeal, Evans's § 924(c) conviction as predicated upon his attempted Hobbs Act robbery offense by extension of *Davis*.

Page 12 of 18
Case 2:22-cv-01326-JPS   Filed 03/30/23   Page 12 of 18   Document 6

is no question that Evans can raise this ground for the first time in his § 2255 motion.

That leaves the Court to analyze Evans's remaining Grounds (1 and 3), both of which relate to *Davis's* and *Taylor*'s holdings that neither conspiracy to commit, nor attempt to commit, Hobbs Act robbery constitute crimes of violence for purposes of § 924(c), and neither of which he raised on appeal. As earlier noted, procedural default may be excused upon demonstration of actual innocence. In *Schlup v. Delo*, the United States Supreme Court held that a habeas petitioner may raise a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims via the "miscarriage of justice" prong of the standard for excusing procedural default. 513 U.S. 2998, 312–28 (1995) (superseded by statute on other grounds). To raise such a claim, a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In turn, to establish the requisite probability, a habeas petitioner must establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*.

In light of *Taylor*, Evans is actually innocent of the § 924(c) offense as predicated on the attempted Hobbs Act robbery offense because "[f]or a defendant to be adjudicated of a § 924(c) offense, a jury must find: '(1) that the defendant committed the underlying federal offenses, (2) that the defendant used, carried, or possessed a firearm, (3) that any use, carriage, or possession of the firearm occurred during and in relation to (or in furtherance of) the federal offense, and (4) that the federal offense was in fact *a 'crime of violence.'*" *Hartsfield*, 2022 U.S. Dist. LEXIS 168909, at *20–21 (cleaned up) (emphasis added) (internal citation omitted). In light of *Taylor*,

"a jury empaneled today could not find, as a factual matter," that Evans committed Count 9s—a § 924(c) offense predicated upon his attempted Hobbs Act robbery offense. *See id.* at *21. He can therefore be said to be actually innocent of that Count. *See id*. at *21–22 (collecting cases). This conclusion is supported by the Government's response, wherein the Government concedes that Evans's conviction under § 924(c) in Count 9, as predicated on attempted Hobbs Act robbery, must be vacated. ECF No. 5 at 7. As such, the Court cannot conclude at this juncture that Evans's § 2255 motion is procedurally defaulted.

### 2.3 Cognizable Claims

Having determined that Evans's claims do not clearly fail on the statute of limitations or procedural default, the Court will consider whether the claims are cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court cannot say at this juncture that Evans's claims are frivolous. Although the Court is highly skeptical as to Evans's ineffective assistance of counsel claim, *see supra* n.6, and although the Government's response does not address that claim at all, Evans can achieve—and will have achieved, as a result of this Order—his intended purposes through Ground One, and he therefore need not rely on his ineffective assistance of counsel claim in any event.

### 3. MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is also Evans's motion for appointment of counsel. ECF No. 2. Therein, Evans writes that he is a layman and is untrained in the procedures of law. *Id*. at 3.

"A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Under 18 U.S.C. 3006A(a)(2), the

district court may appoint counsel for a § 2255 petitioner if "the interests of justice so require." "The court must appoint counsel if it determines that an evidentiary hearing is required to decide the motion, Rule 8(c) of the Rules Governing Section 2255 Proceedings," but at this juncture the Court cannot conclude that such a hearing is necessary. *See Ludke v. United States*, No. 20-C-54; (Criminal Case No. 16-CR-175), 2021 U.S. Dist. LEXIS 224581, at *21 (E.D. Wis. Nov. 22, 2021). Despite being a layperson untrained in the procedures of law, Evans has adequately articulated his claims. Additionally, those claims are relatively straightforward. Accordingly, the Court cannot conclude that the interests of justice require appointment of counsel to Evans. Moreover, the Court will be scheduling the matter for resentencing in light of the Government's concession that Evans's conviction on Count Nine must be vacated. ECF No. 5 at 7. The Court will therefore deny without prejudice his motion for appointment of counsel.

4. **CONCLUSION**

In light of the foregoing, the Court will grant Evans's motion to the extent that it seeks to vacate his conviction on Count 9 (§ 924(c) violation as predicated on attempted Hobbs Act robbery), and it will accordingly vacate Evans's conviction in Case No. 2:17-CR-29-4 on Count 9. The Government has already conceded that that result is necessary without the imposition of additional briefing. *See* ECF No. 5. The Court will accordingly set the matter for resentencing.

Accordingly,

**IT IS ORDERED** that Deshawn Evans's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in Case No. 22-CV-1326, ECF No. 1, be and the same is hereby **GRANTED in part and DENIED in part** according to the terms of this Order**;**

Page 15 of 18
Case 2:22-cv-01326-JPS    Filed 03/30/23    Page 15 of 18    Document 6

**IT IS FURTHER ORDERED** that Ground One of Deshawn Evans's motion pursuant to 28 U.S.C. § 2255 in Case No. 22-CV-1326, that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under 18 U.S.C. § 924(c), ECF No. 1, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Grounds Two and Three of Deshawn Evans's motion pursuant to 28 U.S.C. § 2255 in Case No. 22-CV-1326, ECF No. 1, be and the same are hereby **DENIED as moot and DISMISSED**;[7]

**IT IS FURTHER ORDERED** that the Court's judgment in Case No. 17-CR-29-4, ECF No. 180, be and the same is hereby **VACATED in part, as to Count Nine,** and will otherwise be **AMENDED** as to Deshawn Evans's resentencing on all counts of conviction, according to the terms of this Order;

**IT IS FURTHER ORDERED** that Deshawn Evans's motion for appointment of counsel, ECF No. 2, be and the same is hereby **DENIED without prejudice;**

---

[7] To the extent that this denial constitutes an adverse decision, the Court will address Rule 11(a) of the Rules Governing Section 2255 Cases, which provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This Order is partially adverse to Evans to the extent that it denies as moot some grounds for relief, so the Court will undertake the Rule 11(a) analysis. To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Evans must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether these grounds of Evans's § 2255 motion are mooted. As a consequence, the Court is compelled to deny Evans a certificate of appealability.

**IT IS FURTHER ORDERED** that the U.S. Probation Office shall **FILE** a Revised Presentence Investigation Report in Case No. 17-CR-29-4 that includes, among other things, a recalculation of Deshawn Evans's Guidelines range and statutory penalties, by **Friday, May 26, 2023**;

**IT IS FURTHER ORDERED** that counsel for Deshawn Evans shall file objections, if any, to the Presentence Investigation Report in Case No. 17-CR-29-4 by **Wednesday, June 7, 2023**;

**IT IS FURTHER ORDERED** that the Government shall file responses thereto, if any, in Case No. 17-CR-29-4, by **Wednesday, June 14, 2023**;

**IT IS FURTHER ORDERED** that Federal Defender Services shall **APPOINT** counsel for Deshawn Evans in Case No. 17-CR-29-4 for his resentencing as soon as is practicable;

**IT IS FURTHER ORDERED** that Deshawn Evans shall be resentenced as to all counts of conviction,[8] on **Friday, July 21, 2023 at 8:30 A.M.** in Case No. 17-CR-29-4;

**IT IS FURTHER ORDERED** that the Government shall ensure Deshawn Evans's in-person appearance for resentencing in Case No. 17-CR-29-4;

**IT IS FURTHER ORDERED** that Case No. 22-CV-1326 be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

---

[8] *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) ("Sentences for multiple offenses are generally treated as 'packages,' so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand.").

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly in Case No. 22-CV-1326.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.